# In the United States Court of Federal Claims

No. 25-912C
(Filed: September 29, 2025)
**NOT FOR PUBLICATION**

```
****************************************
JOSEPH PARROTT SR.,                     *
                                        *
                   Plaintiff,           *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                   Defendant.           *
                                        *
****************************************
```

## **OPINION AND ORDER**

Plaintiff Joseph Parrott Sr., proceeding *pro se*, raises claims related to Social Security benefits and certain acts of the City of Jacksonville. *See* Compl. (ECF 1). Plaintiff's application for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**. The government moved to dismiss the complaint for lack of subject-matter jurisdiction. *See* Mot. (ECF 8); Resp. (ECF 10); Reply (ECF 11); *see also* RCFC 12(b)(1). The motion is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*,

812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

Many of Plaintiff's claims arise from acts by the City of Jacksonville, including its agencies and officials. *See* Compl. Exhs. (ECF 1-3) at 21–33. This Court, though, cannot hear claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Plaintiff claims that the United States should take investigatory or enforcement action against the City, but this Court cannot grant that form of relief. *Santini v. United States*, 173 Fed. Cl. 724, 727 (2024); *Alshara v. United States*, No. 23-1848C, 2024 WL 367534, at *2 (Fed. Cl. Jan. 31, 2024), *aff'd sub nom. Al Shara v. United States*, No. 2024-1853, 2025 WL 1322720 (Fed. Cir. May 7, 2025). Claims arising from those allegations must be dismissed.

Plaintiff's claims that do implicate the United States are outside the Court's jurisdiction for other reasons. This Court's authority to resolve claims for money does not extend to claims that Congress has assigned to other courts. *Horne v. Dep't of Agric.*, 569 U.S. 513, 527–28 (2013); *Ogburn v. United States*, No. 2022-2189, 2023 WL 2808066, at *2 (Fed. Cir. Apr. 6, 2023). Claims for Social Security benefits are assigned to district courts, *see* 42 U.S.C. § 405(g), and so may not be heard here. *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (citing *Weinberger v. Salfi*, 422 U.S. 749, 756–67 (1975)).

To the extent Plaintiff's Social Security claims involve tortious activity or deprivations of due process or equal protection, they are outside this Court's jurisdiction for additional reasons. The Tucker Act specifically excludes tort claims from this Court's jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997; 28 U.S.C. § 1491(a)(1); *cf.* Tort, Black's Law Dictionary (11th ed. 2019). Claims for money in this Court under the Tucker Act — other than contract and illegal exaction claims — must be based on laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). The Due Process and Equal Protection Clauses of the Fifth Amendment do not require payment of money, and so cannot be the basis of a claim in this Court. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

- 3 -

## **CONCLUSION**

Plaintiff's application for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**. Defendant's Motion to Dismiss (ECF 8) is **GRANTED**. The case is **DISMISSED** for lack of jurisdiction.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
